## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSHUA MICHAEL GRAHAM, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-1057 (KM) (ESK) |
| | : | |
| v. | : | |
| | : | |
| NJ DEPT. OF CORRECTIONS, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**KEVIN MCNULTY, U.S.D.J.**

Plaintiff Joshua Michael Graham, an inmate at South Woods State Prison (SWSP) when he filed this action,[1] seeks to assert civil rights claims pursuant to 42 U.S.C § 1983 against the New Jersey Department of Corrections (DOC) and Chaplain Supervisor Malachi Brantley at Northern State Prison (NSP), where he was previously incarcerated. (DE 1.) Plaintiff alleges, in substance, that while at NSP, Brantley challenged the manner of Plaintiff's prayer and retaliated against Plaintiff's grievances by jeopardizing Plaintiff's opportunity at parole. (*Id.*) I previously granted Plaintiff *in forma pauperis* status. (DE 8.) For the reasons below, after screening pursuant to 28 U.S.C. § 1915(e)(2)B), I will dismiss the Complaint.

## I.     BACKGROUND

For purposes of screening, I accept the allegations of the complaint as true. Plaintiff alleges that on August 9, 2019, Brantley, a Christian pastor, took issue with the manner in which Plaintiff, a Falashian Israelite (a branch of Judaism), prayed. (*Id.* at 5.) Specifically, Brantley interrupted Plaintiff during his prayer to instruct Plaintiff that he had to use an "orthodox prayer book" or leave. (*Id.* at 6.) When Plaintiff refused, Bradley went to get a corrections officer; who ushered Plaintiff out. (*Id.*)

Plaintiff further alleges that when he picked up his parole plan on January 12, 2021, it contained a note from Brantley that "inmate fails to comply with standard procedure with

---

[1]     According to NJDOC records, Plaintiff was released on June 9, 2021.

telfillin[2] (prayer). Inmate refuse [sic] to use telfillin as instructed. Inmate 'becomes' disruptive and argumentative with staff. …This is a re-occurring matter." (*Id.* at 6.) Plaintiff seeks to strike that language from his parole plan, and also seeks damages. Plaintiff also alleges that DOC contributed to the violation of his rights by "hiring a negligent employee" (Brantley).

## II.    LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[2]    In the Jewish faith, tefillin,or phylacteries, are leather boxes containing Torah texts which are worn on the arm and forehead during prayers. https://www.britannica.com/topic/phylactery.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

As an initial matter, I will dismiss Plaintiff's claim against the State of New Jersey DOC on immunity grounds. Eleventh Amendment immunity prevents Plaintiff from bringing a claim against New Jersey or its instrumentalities, including DOC. *Pennhurst State School & Hosp.*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Singleton v. New Jersey Dep't of Corr.*, No. CV 16-2585, 2018 WL 6050674, at *3 (D.N.J. Nov. 19, 2018). Because no amendment to the Complaint can circumvent this immunity, this dismissal is with prejudice.

Though Brantley does not enjoy the same immunity, the allegations against him fare no better. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). To establish a violation of the Free Exercise Clause of the First Amendment, a prisoner plaintiff must first show that a prison practice or policy has

3

substantially burdened the practice of the prisoner's religion. *See Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017).

However, a single instance of denial of a religious service is not sufficient to violate the free exercise clause. *See Gray v. Cox*, No. 2:15-cv-00069, 2017 WL 937724 *2, 2017 U.S. Dist. LEXIS 33842 * 5 (D. Nev. March 8, 2017) (holding that inmate who had, in a single instance, been ordered to leave a religious service and perform work on a "Sabbath day" had not alleged a substantial burden); *Hankins v. NYS Dep't of Correctional Services,* 2008 WL 2019655, *5 & n. 42 & n .43 (N.D.N.Y. March 10, 2008) (collecting cases holding that causing a plaintiff to miss one religious service did not violate the free exercise clause); *see also Canell v. Lightner,* 143 F.3d 1210, 1215 (9th Cir. 1998) ("short term and sporadic" interference with religious practice did not constitute a substantial burden on an inmate's free exercise of religion); *see also Smith v. Graziano,* 2010 WL 1330019, at *9 (N.D.N.Y. March 16, 2010), *adopted by* 2010 WL 1332503 (N.D.N.Y. April 6, 2010) (cancellation of two religious services due to miscommunication among staff did not substantially burden inmate's free exercise of religion);

Here, Plaintiff cites only a single instance on August 9, 2019 in which Brantley allegedly criticized Plaintiff's manner of prayer. To the extent that Plaintiff may be asserting a retaliation claim, or that Brantley's allegedly false report jeopardized Plaintiff's chances at parole, the fact of Plaintiff's release undermines both claims. Moreover, Plaintiff does not allege that Brantley's actions in any way prevented Plaintiff from proceeding with his preferred manner of prayer. Accordingly, I will also dismiss this claim. This dismissal, however, is based on inadequate pleading, not a legal bar. Because it is possible that Plaintiff could plead facts in support of a Free Exercise claim, this aspect of the dismissal is without prejudice.

## IV.    CONCLUSION

For the reasons above, Plaintiff's claims against DOC are **DISMISSED WITH PREJUDICE**, and his claims against Brantley are **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.

Date: 2/8/2022

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge

4

5